IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 FEB 17  P 3: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| LINDA KNOX, | ) |
| Plaintiff | ) |
| v. | ) CASE NO.: 2:06cv147-MHT |
| DILLARD STORE SERVICES, INC.; | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW defendant Dillard Store Services Inc. ("Dillards") and, pursuant to 28 U.S.C. § 1332 and § 1441 *et seq.*, hereby presents this Notice of Removal of the instant action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and further shows to the Court the following:

1. On January 13, 2006, plaintiff commenced an action in the Circuit Court of Montgomery County, Alabama, captioned *Linda Knox v. Dillard Store Services, Inc.*, Case No. CV 2006 000134 00, by filing a Complaint. (Ex. 2, Complaint)

2. Dillards has not yet been served with a summons; however, plaintiff's attorney sent a "courtesy copy" of the Complaint to Dillard's Corporate Office in Little Rock, Arkansas. (Ex. 1, ¶ 4) Dillard received the "courtesy copy" on January 19, 2006. (Ex. 1, ¶ 4; Ex. 2, Correspondence and Complaint stamped "RECEIVED January 19 2006 DILLARD – GL") That day is the first date on which Dillards had any notice of this action. (Ex. 1, ¶ 4) This Notice of Removal is thus timely under 28 U.S.C. § 1446(b).

3.   At the time of the commencement of this action, plaintiff was a citizen of the State of Alabama. (Ex. 2, Complaint, ¶ 1)

4.   Dillards is now, and was at the time of the commencement of this action, an Arizona corporation with its principal place of business in Little Rock, Arkansas. (Ex. 1, ¶ 3; Ex. 2, January 11, 2006 Correspondence from Plaintiff's Attorney to "Dillard Corporate Office" in "Little Rock, AR")

5.   Title 28 U.S.C. § 1441(b) provides, in pertinent part, as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties and interests properly joined and served as defendants is a citizen of the State in which such action is brought.

6.   This action is removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 *et seq*. There is complete diversity of citizenship. Plaintiff is a citizen of Alabama and the sole named defendant, Dillard, is a citizen of states other than Alabama – Arizona and Arkansas. (Ex. 1, ¶ 3; Ex. 2, Complaint, ¶ 1) *See* 28 U.S.C. 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .")

7.   The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. Plaintiff alleges to have been "permanently injured" as a result of the slip and fall that she suffered in one of Dillards' retail stores. (Ex. 2, Complaint, ¶ 20) Consequently, plaintiff seeks to recover compensatory damages for

"physical pain and mental anguish."[1] (*Id.*) Further, plaintiff alleges that Dillards' conduct was "negligent and wanton." (Ex. 2, Complaint, ¶ 21)

    8.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama.

    9.    A copy of this Notice of Removal is also being served upon counsel for plaintiff.

    10.    Copies of all process, pleadings, and orders served upon defendants in the state court action as well as a copy of the Notice to State Court of Removal (without exhibits) are attached collectively hereto as Exhibit 2.

WHEREFORE, premises considered, defendant Dillards removes this action from the Circuit Court of Montgomery County, Alabama to this Court and respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in state court.

Respectfully submitted,

_____
Timothy A. Palmer (PAL009)
Gordon L. Blair (BLA101)
Attorneys for defendants, Dillard Store Services, Inc.

---

[1] In personal injury actions, Alabama fact finders frequently return verdicts in excess of $75,000.00 to compensate plaintiffs for physical pain and mental anguish associated with permanent injuries. *Hathcock v. Wood*, 815 So.2d 502 (Ala. 2001) (affirming award of $600,00.00 to compensate plaintiff for mental anguish in personal injury action); *Gulf States Steel, Inc. v. Whisenant*, 703 So.2d 899, 900 (Ala. 1997) (affirming jury award of "$400,000 in damages for pain and suffering, mental anguish, disfigurement, permanent disability and injury . . . ."); *Werner v. Henderson*, 600 So.2d 1005, 1007 (Ala. 1992) (affirming jury award of $667,037.50 in personal injury action for "medical expenses, physical pain and suffering, mental anguish, and permanent injury and disability . . . . ").

**OF COUNSEL:**

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
(205) 328-1900
(205) 328-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I served a copy of the foregoing upon all counsel of record by depositing a copy thereof in the United States Mail, properly addressed and first class postage prepaid, on the 17 day of February, 2006, to the following:

Cathy B. Donohoe
Donohoe & Stapleton, LLC
2781 Zelda Road
Montgomery, Alabama 36106

Melissa A. Rittenour
Circuit Court Clerk
Montgomery Co. Courthouse
P.O. Box 1667
251 S. Lawrence St.
Montgomery, Ala. 36102-1667

OF COUNSEL