**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division**

| | |
|---|---|
| LINDA KNOX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  2:06-CV-147-MHT |
| | ) |
| DILLARD STORE SERVICES, INC. | ) |
| | ) |
|     Defendant. | ) |

## ANSWER

COMES NOW defendant Gayfers' Montgomery Fair Co. d/b/a Dillard's ("Dillard's"), misidentified as "Dillard Store Services, Inc." in the Complaint, and submits the following in response to plaintiff's Complaint.

1. Upon information and belief, defendant admits that plaintiff is over the age of nineteen (19) years. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 1 of the Complaint, therefore, defendant denies those allegations.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 4 of the Complaint, therefore, defendant denies those allegations.

5. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 5 of the Complaint, therefore, defendant denies those allegations.

6. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the Complaint, therefore, defendant denies those allegations.

7. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 7 of the Complaint, therefore, defendant denies those allegations.

8. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 8 of the Complaint, therefore, defendant denies those allegations.

9. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 9 of the Complaint, therefore, defendant denies those allegations.

10. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 10 of the Complaint, therefore, defendant denies those allegations.

11. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 11 of the Complaint, therefore, defendant denies those allegations.

12. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 12 of the Complaint, therefore, defendant denies those allegations.

13. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 13 of the Complaint, therefore, defendant denies those allegations.

14. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 14 of the Complaint, therefore, defendant denies those allegations.

15. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 15 of the Complaint, therefore, defendant denies those allegations.

16. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 16 of the Complaint, therefore, defendant denies those allegations.

17. Defendant admits that on December 15, 2005, Linda Knox was on the premises of a retail store, located in Montgomery, Alabama. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant lacks sufficient information to either admit or deny that plaintiff was "at a place where he had a right to be," therefore, defendant denies that allegation. Defendant further denies all remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies that plaintiff is entitled to any of the relief requested in *ad damnum* clause of the Complaint.

23. Defendant denies any allegation set forth in the Complaint that is not specifically admitted herein.

IN FURTHER ANSWER to plaintiff's Complaint, defendant makes the following affirmative and other defenses:

24. The Complaint fails to state a claim upon which relief may be granted.

25. Plaintiff is guilty of contributory negligence which contributed in whole or in part to the injuries alleged in this case.

26. Plaintiff assumed the risk of the injuries in this case.

27. Defendant pleads the general issue and submits that it is not guilty of the matters alleged against it in the Complaint.

28. No action of Dillard's proximately caused any injury alleged by the plaintiff in this case. Dillard's pleads that plaintiff's injuries were preexisting in whole or in part.

29. Plaintiff failed to mitigate her damages.

30. Plaintiff's claims for punitive damages are limited by the provisions of § 6-11-20 and § 6-11-21 of the Code of Alabama. Dillard's denies that it has consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the plaintiff or has been guilty of any conduct which entitles plaintiff to recover punitive damages.

31. Plaintiff's claims for punitive damages in this case are unlawful in that this defendant has not consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to plaintiff.

32. Plaintiff's claims for punitive damages are unconstitutional pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution of Alabama in that:

    (a)    The statutory and common law of the State of Alabama does not effectively prevent the imposition of grossly excessive or arbitrary punishments on an alleged tortfeasor;

    (b)    Alabama's procedures for the imposition of punitive damages do not ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to plaintiff and to the general damages recovered;

    (c)    Alabama's procedures for the imposition of punitive damages pose an acute danger of arbitrary deprivation of property;

    (d)    Alabama's procedures for the imposition of punitive damages bear no reasonable relation to the degree of reprehensibility of defendant's conduct;

4

 (e)  Alabama's procedures for the imposition of punitive damages allow punishment of conduct that may have been lawful in the forum where it occurred;

 (f)  Alabama's procedures for the imposition of punitive damages improperly consider defendant's dissimilar acts, independent from the acts upon which liability was premised;

 (g)  Alabama's procedures for the imposition of punitive damages allow for the assessment of civil penalties far in excess of comparable criminal penalties for allegedly wrongful conduct without the benefit of heightened procedural safeguards.

33. Plaintiff failed to join an indispensable party under Federal Rule of Civil Procedure 19(a).

34. Dillard's pleads notice as a defense.

35. Service of process is insufficient.

36. Process is insufficient.

37. Dillard's has only just begun discovery in this cause and reserves the right to amend its Answer up to and including the time of trial.

        Respectfully submitted,

        <u>s/ Timothy A. Palmer</u>
        Timothy A. Palmer
        Gordon L. Blair
        Ogletree, Deakins, Nash, Smoak & Stewart
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203-2118
        Telephone: (205) 328-1900
        Facsimile: (205) 328-6000

E-mail: timothy.palmer@odnss.com
E-mail: gordon.blair@odnss.com
*Counsel for Defendant, Dillard Store Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Cathy Donahoe at donohoe_stapleton@yahoo.com.

s/ Timothy A. Palmer
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: timothy.palmer@odnss.com
*Counsel for Defendant, Dillard Store Services, Inc.*