IN THE UNITED STATES DISTRICT COURT
ALABAMA MIDDLE DISTRICT

RECEIVED

2006 MAR 22 P 2: 01

**LINDA KNOX,** )
  Plaintiff, )
)
v. )   CASE NO.: 2:06-CV-147MHT
)
)

**GAYFERS' MONTGOMERY FAIR CO. d/b/a DILLARD'S** there may be other entities whose true names and identities are unknown to the Plaintiff(s) at this time, who may be legally responsible for claim(s) set forth herein who may be added by amendment by the Plaintiff(s) when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff(s) will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the parties Defendant#1, that entity doing business as Dillard Store Services, Inc. in Montgomery, Alabama; Defendant#2, that entity which owns the premises where Linda Knox was injured; Defendant #3, that entity which operates the store where Linda Knox; Defendant #4, that entity responsible for maintaining the premises where Linda Knox was injured; Defendant #5, that entity responsible for maintaining the floors on the premises where Linda Knox was injured; Defendant #6, that entity which caused the wax to be on the floor where Linda Knox was injured; Defendant #7, that entity responsible for removing the wax from the floor where Linda Knox was injured; Defendant #8 that entity which leases the premises where Linda Knox was injured; Defendant #9 that entity doing business on the premises where Linda Knox was injured; Defendant #10, that entity which controls the operation of the business which occupies the premises where Linda Knox was injured; Defendant #11, that entity which did planning work with respect to the layout of the premises where Linda Knox was injured; Defendant #12, that entity which did planning work with respect to construction of the premises where Linda Knox was injured; Defendant #13, that entity other than those described above, whose negligence, wantonness or other wrongful conduct contributed to the occurrence made the basis of Plaintiff's complaint; and Defendant #14, that entity, other than those entities described above, all of whose names are otherwise unknown but will be added by amendment when ascertained, **Defendants.**

SCANNED 3/22/06

## AMENDED COMPLAINT

COMES NOW the Plaintiff in the above-styled cause and files the following Amended Complaint, the Plaintiff's original complaint improperly named the Defendant as Dillard Store Services, Inc. the proper name for the Defendant is Gayfers' Montgomery Fair Co. d/b/a Dillard's and states as follows:

1. The Plaintiff, Linda Knox, is over the age of nineteen (19) years, and a resident citizen of Montgomery, Montgomery County, Alabama.

2. The Defendant, Gayfers' Montgomery Fair Co. d/b/a Dillard's is a business located in Montgomery, Montgomery County, Alabama.

3. Defendant #1 is that entity doing business as Gayfers' Montgomery Fair Co. d/b/a Dillard's in Montgomery, Alabama.

4. Defendant #2 is that entity which owns the premises where Linda Knox was injured.

5. Defendant #3 is that entity which operates the business where Linda Knox's injuries.

6. Defendant #4 is that entity responsible for maintaining the premises where Linda Knox was injured.

7. Defendant #5 is that entity responsible for maintaining the floors on the premises where Linda Knox was injured.

8. Defendant #6 is that entity which caused the wax to be on the floor where Linda Knox was injured.

9. Defendant #7 is that entity responsible for removing the wax from the floor where Linda Knox was injured.

10. Defendant #8 is that entity which leases the premises where Linda Knox was injured.

11. Defendant #9 is that entity doing business on the premises where Linda Knox was injured.

12. Defendant #10 is that entity which controls the operation of the business which occupies the premises where Linda Knox was injured.

13. Defendant #11 is that entity which did planning work with respect to the layout of the premises where Linda Knox was injured.

14. Defendant #12 is that entity which did planning work with respect to construction of the premises where Linda Knox was injured.

15. Defendant #13 is that entity other than those described above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's complaint.

16. Defendant #14 is that entity, other than those entities described above, who of which is the successor in interest of any of those entities described above.

17. On or about the December 15, 2005, the Plaintiff, Linda Knox, was on the premises of Dillard Store Services, Inc. located in Montgomery, Alabama, as a business invitee o Gayfers' Montgomery Fair Co. d/b/a Dillard's.

18. The Plaintiff avers that on said occasion, Linda Knox was at a place where he had a right to be and was invited by Gayfers' Montgomery Fair Co. d/b/a Dillard's and was caused to slip and fall due to the negligence and wantonness of each of the Defendants and was injured as set forth hereinafter. The floor had been recently waxed and there were no wet floor signs visible.

19. The Plaintiff avers that on said occasion at said location, each of the Defendants was guilty of negligence or wanton conduct in that each of the Defendants caused, allowed, or permitted the portion of the premises where the Plaintiff, Linda Knox, was injured to be in such condition that it was not reasonably safe for members of the public, including Linda Knox, to walk and as a proximate consequence of the negligence or wanton conduct of each of the Defendants, the Plaintiff, Linda Knox, was caused to slip and fall causing injury to her **right thumb, right shoulder, right thigh, and right foot** and the Plaintiff was caused to suffer injuries and damages hereinafter alleged.

20. As a direct and proximate consequence of the negligence or wantonness of each of the Defendants, the Plaintiff, Linda Knox, suffered injuries to her **right thumb, right shoulder, right thigh, and right foot**. She was caused to suffer considerable physical pain and mental anguish and will continue to do so in the future. She has been unable to go about her normal duties and activities; she was

caused to require medical care, and she has been permanently injured.

21. The Plaintiff avers that the negligent and wanton conduct of each of the Defendants combined and concurred to proximately cause the Plaintiff's injuries as hereinabove alleged.

WHEREFORE, the Plaintiff demands judgment against the Defendants in that amount which the trier of fact may assess.

*Cathy B. Donohoe*
Cathy B. Donohoe (DONO16)
DONOHOE & STAPLETON, L.L.C.
2781 Zelda Road
Montgomery, Alabama 36106
334-269-3355

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing by First Class United States Mail, on this the 22nd day of March, 2006.

OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.
Attn.: Timothy A. Palmer, Esquire
Gordon L. Blair, Esquire
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203

_____
Cathy B. Donohoe (DONO16)
DONOHOE & STAPLETON, L.L.C.
2781 Zelda Road
Montgomery, Alabama 36106
334-269-3355